UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Sheila Rodriguez, and<br>Carmelo Rosario Polanco,<br><br>　　　　　　　　　　*Defendants.* | **Protective Order**<br><br>**21 Cr. 240** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or the defendants' counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to

the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court. Any material designated as Sensitive Disclosure Material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material and Sensitive Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material or Sensitive Disclosure Material to the media or any third party except as set forth below.

2. Confidential Material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants; and

(d) Such other persons as hereafter may be authorized by the Court.

3. Sensitive Disclosure Material shall be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants for review in the presence of defense counsel for purposes related to this case, and **the defendants shall not maintain, retain, or keep copies of any records containing Sensitive Disclosure Material outside of the presence of counsel**; and

(d) Such other persons as hereafter may be authorized by the Court.

4. Except for Confidential Material or Sensitive Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material and Sensitive Disclosure Material, including the seized ESI Confidential Material and Sensitive Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material or Sensitive Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material and Sensitive Disclosure Material has been disclosed to which such persons.

6. The Government may authorize, in writing, disclosure of Confidential Material or Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Confidential Material or Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. In the event of any dispute as to the Government's designation of particular material as Confidential Information or Sensitive Disclosure Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Information or Sensitive Disclosure Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of material as Confidential Information or Sensitive Disclosure Material shall be controlling

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Kaylan E. Lasky                          Date: April 19, 2021
     Kaylan E. Lasky
     Assistant United States Attorney


/s/ Margaret Shalley (e-signed by K. Lasky on consent)    Date: April 21, 2021
Margaret Shalley, Esq.
Counsel for Sheila Rodriguez


/s/ Ezra Spilke (e-signed by K. Lasky on consent)    Date: April 21, 2021
Ezra Spilke, Esq.
Counsel for Carmelo Rosario Polanco


SO ORDERED:

Dated: New York, New York
       April 23, 2021

_____
THE HONORABLE RAKOFF
UNITED STATES DISTRICT JUDGE

5